UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

**03 FEB -4  PM 4:00**

SOUTHERN DIST. ...
OF INDIANA
LAURA A. BRIGGS
CLERK

ECO MANUFACTURING LLC.          )

    Plaintiff,          )

**1: 03-CV- 0170 DFH - TAB**

CIVIL ACTION NO._____

v.          )
          )
HONEYWELL INTERNATIONAL INC. )
          )
    Defendant          )
          )

## COMPLAINT

Nature of Action

    1.    This is an action for declaratory judgment pursuant to Title 28 U.S.C. §

2201 for the purpose of determining a question of actual controversy between the parties

as described herein.

Jurisdiction

    2.    This Court has subject matter jurisdiction over this case founded on the

trademark statutes of the United States (15 U.S.C. §§ 1051 et seq.) and 28 U.S.C. §§

1331, 1367  and 1338.  Venue lies in the judicial district by virtue of 28 U.S.C. § 1391.

Identity of the Parties

    3.    The Plaintiff, Eco Manufacturing LLC., is a resident of Indiana and

resides at 409 Indianapolis Ave., Lebanon, Indiana 46052.

4.     On information and belief, Defendant, Honeywell International Inc. (hereinafter "Honeywell") is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Columbia Road, Morristown, New Jersey 07962-2245.  Upon information and belief, Defendant does business in Indiana and this judicial district.  By virtue of this business, personal jurisdiction and venue are proper in this district.

First Cause of Action

5.     On January 29, 2003, Defendant Honeywell, through its attorneys, sent a letter to Plaintiff demanding that Plaintiff "(1) immediately and permanently discontinue all use of any round design for any thermostat or thermostat cover, and any product brochures, web pages or other promotional materials promoting or displaying such designs; (2) promptly deliver up to us for destruction any and all existing inventory of such products and materials, as well as any molds used to manufacture thermostats featuring a round design; (3) provide an accounting of all thermostats manufactured and/or distributed to date featuring a round design; and (4) provide written assurance that there have been no sales of the product to date and that your company will permanently refrain from any future use of the designs at issue or any other design confusingly similar to our clients' famous Honeywell Round Design."  See Exhibit 1 attached to this Complaint.

6.      In the letter dated January 29, 2003, Defendant Honeywell threatened

Plaintiff with litigation by stating that if Plaintiff Eco Manufacturing LLC. did not

provide a written response confirming compliance with the actions quoted in paragraph 5

of this Complaint along with the demanded information that Defendant Honeywell would

"without further notice, immediately take all steps available to it to ensure that its

important trademark rights remain protected, including initiation of a legal action in the

federal courts seeking all relief available." See Exhibit 1.


7.      In the letter of January 29, 2003, Defendant, through its attorneys, alleges

that it owns a federal trademark registration for the "Honeywell Round Design," U.S.

Reg. No. 1,622,108.


8.      The web site of the U.S. Patent and Trademark Office indicates that

Honeywell International Inc. is the owner of U.S. Reg. No. 1,622,108 by virtue of an

assignment from Honeywell, Inc., the original applicant for U.S. Reg. No. 1,622,108.

Upon information and belief, Honeywell International, Inc. is authorized to assert the

trademark rights identified in U.S. Reg. No. 1,622,108. See Exhibit 2.


9.      In the letter of January 29, 2003, Defendant alleged that the sale and

manufacture of Plaintiff's thermostat as featured at the ASHRAE trade show during the

week of January 27, 2003 would infringe Defendant's rights in violation of 15 U.S.C. §

1114(1).

10.     At the ASHRAE trade show, Plaintiff featured a mercury free, environmentally friendly thermostat that is the object of Plaintiff's allegations. Plaintiff contends that the manufacture and sale of its environmentally friendly thermostat does not infringe Defendant's rights in violation of 15 U.S.C. § 1114(1). Consequently, Plaintiff has a reasonable apprehension that Defendant will litigate the controversy between Plaintiff and Defendant.

11.     On February 1, 2003, Plaintiff began accepting orders for the environmentally friendly thermostat it featured at the ASHRAE trade show.

12.     As a consequence of Plaintiff's acceptance of such orders and plans to fill such orders with its environmentally friendly thermostats and Plaintiff's failure to provide Defendant with the written response confirming compliance with Defendant's demands and submitting the demanded information, there exists an actual controversy between the parties as to whether the sale and manufacture of Plaintiff's thermostats are an infringement of Defendant's rights under 15 U.S.C. §1114(1).

13.     Therefore, this actual federal trademark infringement controversy is ripe for adjudication before this honorable court.

Second Cause of Action

14.     Plaintiff incorporates paragraphs 1-13 of this Complaint in its second cause of action.

15.     In its letter of January 29, 2003, Defendant alleged that the sale and manufacture of Plaintiff's environmentally friendly thermostat featured at the ASHRAE show was a violation of Defendant's rights pursuant to 15 U.S.C. §1125(a) and that Defendant would pursue litigation regarding the sale and manufacture of Plaintiff's thermostats as a violation of Defendant's rights pursuant to 15 U.S.C. §1125(a).

16.     Plaintiff contends that the manufacture and sale of its environmentally friendly thermostat featured at the ASHRAE show does not violate Defendant's rights pursuant to 15 U.S.C. §1125(a).  Because Plaintiff is taking orders for the thermostat featured at the ASHRAE show and plans to fill those orders, there is an actual controversy between the parties as to whether the sale and manufacture of Plaintiff's thermostats are a violation of Defendant's rights under 15 U.S.C. §1125(a).  Plaintiff has reasonable apprehension that Defendant will litigate this controversy.

17.     Therefore, this actual federal unfair competition controversy is ripe for adjudication before this honorable court.

Third Cause of Action

18.     Plaintiff incorporates paragraphs 1-17 of this Complaint in its third cause of action.

19.    In its letter of January 29, 2003, Defendant alleged that its Honeywell Round Design is a famous mark and that the sale and manufacture of Plaintiff's environmentally friendly thermostat featured at the ASHRAE show dilutes Defendant's alleged famous mark in violation of 15 U.S.C. §1125(c).

20.    Plaintiff contends that the Honeywell Round Design is functional. Consequently, it cannot be a mark, much less a famous mark. Furthermore, if the Honeywell Round Design is a famous mark, Plaintiff's thermostats as featured at the ASHRAE show do not dilute Defendant's mark. Because Plaintiff has authorized the taking of orders and plans to fill those orders with its environmentally friendly thermostats, there is an actual controversy between the parties as to whether the sale and manufacture of Plaintiff's thermostats are a dilution of Defendant's Honeywell Round Design under 15 U.S.C. §1125(c). Plaintiff has a reasonable apprehension that Defendant will litigate this controversy.

21.    Therefore, this actual federal dilution controversy is ripe for adjudication before this honorable court.

Fourth Cause of Action

22.    Plaintiff incorporates paragraphs 1-21 of this Complaint in its fourth cause of action.

23.     Upon information and belief, Plaintiff contends that the subject matter of U.S. Reg. No. 1,622,108 is functional.

24.     Upon information and belief, Plaintiff believes it is being damaged and will continue to be damaged by the registration of the subject matter of U.S. Reg. No. 1,622,108.

25.     Under 15 U.S.C. § 1064, any one who believes that a federal trademark registration will damage that person may bring an action for cancellation of the registration of the functional subject matter at any time during the registration of a mark.

26.     Plaintiff contends that U.S. Reg. No. 1,622,108 should be cancelled because the subject matter of the registration is functional.

WHEREFORE, Plaintiff seeks the following relief in this case:

a.      a judgment by the Court declaring that the sale and manufacture of Plaintiff's environmentally friendly thermostats as featured at the ASHRAE trade show are not a violation of 15 U.S.C. § 1114(1);

b.      a judgment by the Court declaring that the sale and manufacture of Plaintiff's environmentally friendly thermostats as featured at the ASHRAE trade show are not a violation of 15 U.S.C. § 1125(a);

c.      a judgment by the Court declaring that the sale and manufacture of
Plaintiff's environmentally friendly thermostats as featured at the
ASHRAE show are not a violation of 15 U.S.C. § 1125(c);

d.      a judgment by the Court declaring the subject matter of U.S. Reg. No.
1,622,108 is functional and issuing an order to the Commissioner of
Patents and Trademarks to cancel U.S. Reg. No. 1,622,108;

e.      that Defendant be ordered to pay for Plaintiff's attorneys' fees pursuant to
15 U.S.C. § 1117; and

f.      that Plaintiff be granted such other and additional relief against Defendant
as the Court deems just and proper.


Paul J. Maginot, Attorney No. 14894-49
David M. Lockman, Ohio Bar No. 42147
MAGINOT, MOORE & BOWMAN
Bank One Center/Tower
111 Monument Circle, Suite 3000
Indianapolis, IN 46204-5115
(317) 638-2922

Attorneys for Plaintiff,
Eco Manufacturing LLC.